NOT FOR PUBLICATION                                    [Docket No. 6]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____    :
                                       :
RAHIM R. CALDWELL,                     :
                                       :
            Plaintiff,                 :    Civil No. 05-5585 (RMB)
                                       :
       v.                              :    **OPINION**
                                       :
VINELAND POLICE DEPARTMENT             :
et al.,                                :
                                       :
            Defendants.                :
_____    :

       This matter comes before the Court on a motion by Plaintiff Rahim Caldwell, appearing pro se, for an "order of protection."

**Introduction:**

       Plaintiff has filed a complaint in the above captioned matter asserting claims against the Vineland Police Department and Officer O. Alvarez.  Plaintiff alleges that Officer Alvarez harassed and intimidated him in violation of Plaintiff's civil and constitutional rights.

       Plaintiff's instant motion asks for an "order of protection."  In support of his motion, Plaintiff attaches a certification stating that he "has been a victim of police harassment" and, as a result, suffers from severe depression,

1

anxiety, "fear of death" and insomnia.  Plaintiff also alleges that the Defendants' actions have forced him to be hospitalized and that he was threatened with bodily harm.  Plaintiff has attached to his certification an "Aftercare Plan" form from Friends Hospital in Philadelphia, Pennsylvania, which shows that on September 20, 2005 he was given three different prescriptions, one of which is for anxiety.

On August 25, 2006, this Court ordered Plaintiff to properly serve his motion on Defendants; Plaintiff never complied with that Order.

**Discussion:**

Because Plaintiff is appearing pro se, this Court will construe his pleadings liberally; "however inartfully pleaded," the "allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972).  Reading Plaintiff's request liberally, this Court has construed the motion for an "order of protection" as one for a temporary restraining order.  See Stampone v. Crifasi, 2006 U.S. Dist. LEXIS 67380 at *11-12 (D.N.J. Sept. 20, 2006) "When a complaint is filed pro se, the Court will liberally construe the pleadings and will apply the applicable law, 'irrespective of whether the pro se litigant has mentioned it by name.'") (quoting

2

Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)) (internal citations omitted).

The Third Circuit has stated that injunctive relief, such as a temporary restraining order, "is an extraordinary remedy which should be granted only in limited circumstances." Frank's GMC Truck Center, Inc., v. General Motors Corp., 847 F.2d 100, 103 (3d Cir 1988). When considering a motion for a temporary restraining order, the Court must consider: (1) the likelihood of success on the merits; (2) the probability of irreparable injury to the moving party in the absence of such relief; (3) the possibility of harm to the non-moving party if relief is granted; and (4) the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998).

After considering Plaintiff's motion and the above factors, this Court will deny Plaintiff's motion. Plaintiff has not demonstrated a likelihood of success on the merits. In fact, Plaintiff has filed other lawsuits in this court based on similar allegations and has not been successful. See Caldwell v. CVS Corp., No. 05-5750 (D.N.J. Aug. 10, 2006)(dismissing Plaintiff's Complaint); Caldwell v. Municipal Court of Newfield, No. 06-921 (D.N.J. Aug. 24, 2006) (dismissing Plaintiff's claim for failure to comply with Federal Rule of Civil Procedure 8(a)).

Additionally, Plaintiff has not shown that irreparable injury will occur in the absence of such relief. The Plaintiff

received medical attention on September 20, 2005, but did not file his motion for an "order of protection" until May 26, 2006. He has not shown that the alleged harassment is what caused/is causing him to seek medical treatment as there is no evidence that Plaintiff has sought medical treatment after the incidents of alleged harassment contained in the instant motion.

      The possibility of harm to the non-moving party here is a neutral factor as there is no evidence presented on this point. Finally, there is no indication that granting a temporary restraining order is in the public interest.  Thus, Plaintiff's motion must be denied.  An accompanying Order shall issue this date.

Dated: <u>September 25, 2005</u>      <u>s/Renée Marie Bumb</u>
                                            RENÉE MARIE BUMB
                                            United States District Judge